IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARGARET O'CONNOR, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-25-CV-947-FB |
| § | |
| WARDEN, KARNES COUNTY § | |
| IMMIGRATION PROCESSING CENTER; § | |
| FIELD OFFICE DIRECTOR, SAN ANTONIO § | |
| FIELD OFFICE ENFORCEMENT AND § | |
| REMOVAL OPERATIONS U.S. § | |
| IMMIGRATION AND CUSTOMS § | |
| ENFORCEMENT; PAMELA BONDI, U.S. § | |
| Attorney General; and DIRECTOR, U.S. § | |
| CITIZENSHIP AND IMMIGRATION, § | |
| § | |
| Respondents. § | |

**<u>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

Before the Court is Petitioner's Motion for Temporary Restraining Order filed on August 26, 2025 (docket #4), requesting either: (1) that she be released from custody temporarily for the purpose of appearing at an interview on her application for adjustment of status, or (2) that she be permitted to participate in the interview remotely from detention.

In order for this Court to issue a temporary restraining order, petitioner must establish the following four factors: substantial likelihood of success on the merits; substantial threat that failure to grant the injunction will result in irreparable injury; the threatened injury outweighs any damage that the injunction may cause the opposing party; and the injunction will not disserve the public interest. *Allied Marketing Group, Inc. v. DCL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). Because a temporary restraining order is an extraordinary remedy, it will be granted only if the movant/petitioner carries her burden of persuasion on all four factors. *Id.*

Based upon the careful consideration of the arguments and authorities presented in the motion, the pleadings filed to date, and for good cause shown, the Court finds the petitioner has carried her burden such that the motion has merit and should be GRANTED.

Accordingly, IT IS HEREBY ORDERED that the Petitioner's Motion for Temporary Restraining Order (docket #4) is GRANTED such that Respondents shall make arrangements for Petitioner to participate in the interview on her application for lawful permanent residence at the Holtsville, New York office of U.S. Citizenship and Immigration Services ("USCIS") on Thursday, August 28, 2025, remotely from the Detention/Immigration Processing Center where she is currently housed by video or telephone;

It is FURTHER ORDERED that Respondents shall also make arrangements for Petitioner's counsel to participate remotely if desired;

It is FURTHER ORDERED that if Respondents cannot comply with this order on or before August 28, 2025, that they shall reschedule the interview.

Under the circumstances presented, the Court hereby waives the requirement of rule 65(c) of the Federal Rules of Civil Procedure that petitioner give security.

It is so ORDERED.

SIGNED this 27th day of August, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE