IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| MARGARET O'CONNOR, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| vs. | § | |
| | § | |
| DIRECTOR, U.S. CITIZENSHIP AND | § | |
| IMMIGRATION ) SERVICES, | § | SA-25-CV-00947-FB |
| WARDEN, KARNES COUNTY | § | |
| IMMIGRATION PROCESSING ) | § | |
| CENTER,  FIELD OFFICE DIRECTOR, | § | |
| SAN ANTONIO FIELD OFFICE | § | |
| ENFORCEMENT AND REMOVAL | § | |
| OPERATIONS) U.S. IMMIGRATION | § | |
| AND CUSTOMS ENFORCEMENT, | § | |
| PAMELA BONDI, U.S. ATTORNEY | § | |
| GENERAL, | § | |
| | § | |
| *Respondents.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Verified Petition for Writ of Habeas Corpus filed by Petitioner Margaret O'Connor [#1], which was referred to the undersigned for a report and recommendation pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Petition [#1] be denied.

## I.  Background

Petitioner Margaret O'Connor is an Irish citizen and national of England who most recently entered the United States on April 23, 2022, under the Visa Waiver Program ("VWP").[1] (Pet. [#1], at ¶¶ 16, 19; VWP Final Administrative Removal Order ("FARO") [#17-1], at 1.)  The VWP allows "eligible nationals from certain designated countries to apply for admission to the United States for ninety days or less as non-immigrant visitors without first obtaining a visa." *McCarthy v. Mukasey*, 555 F.3d 459, 459–60 (5th Cir. 2009).  But in exchange, such individuals "must waive any right . . . to contest" any action for removal, "other than on the basis of an application for asylum." *Id.* at 460 (quoting 8 U.S.C. § 1187(b)).  "This waiver is the linchpin of the program; it allows VWP participants to enter the country expeditiously while streamlining their removal." *Lavery v. Barr*, 943 F.3d 272, 273 (5th Cir. 2019).

When Petitioner's son (who is a United States citizen) turned 21, he became eligible to file an immigrant visa petition on behalf of his mother, and he filed U.S. Citizenship and Immigration Services ("USCIS") form I-130, Petition for Alien Relative, on Petitioner's behalf on November 25, 2024.  (USCIS Notice of Action [#1-2], at 1.)  Petitioner concurrently filed form I-485, Application to Register Permanent Residence or Adjust Status, and form I-765, Application for Employment Authorization.  (USCIS Notices of Action [#1-2], at 2–3.)

On April 30, 2025, while these applications remained pending, Petitioner was taken into ICE custody.  Respondents notified Petitioner on May 1, 2025, that she would be referred for removal under Section 217 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1187,

---

[1] Petitioner originally entered the United States under the VWP on March 13, 2009, and has resided in the United States for over 16 years.  (USCIS Notice of Decision [#17-3], at 2.)

because she overstayed the terms of her VWP entry.[2] (VWP FARO [#17-1], at 1.) Petitioner asked ICE to release her on parole. ICE construed the request as a request to stay her removal and denied the requested relief on June 21, 2025. (Denial of Stay of Removal [#1-5], at 1.)

Meanwhile, the Long Island Field Office of USCIS continued processing Petitioner's application for lawful permanent residence. Petitioner was scheduled for an interview on her application on June 10, 2025, at the USCIS office in Holtsville, New York. (Interview Notice [#1-3], at 1–2.) However, she missed the interview due to her detention. USCIS scheduled another interview for August 28, 2025. (Rescheduled Interview Notice [#1-4], at 1–2.)

Petitioner filed her petition for a writ of habeas corpus on August 6, 2025, seeking an immediate bond hearing before an immigration judge and a writ of habeas corpus *ad testificandum* to facilitate her appearance at the August 28th interview. Petitioner thereafter filed a motion for a temporary restraining order regarding her request for a writ of habeas corpus *ad testificandum*. The District Court granted the motion on August 27, 2025, and ordered Respondents to make arrangements for Petitioner to participate remotely at her scheduled interview on her request for lawful permanent residence. (Order [#6].) Petitioner successfully appeared remotely for her interview on August 28, 2025. (USCIS Notice of Decision [#17-3], at 1.) On September 5, 2025, however, USCIS issued a notice to Petitioner informing her that her application for adjustment of status had been denied. (*Id.* at 1–8.)

Petitioner separately requested that she be referred to an immigration judge for asylum-only proceedings under 8 U.S.C. § 1187(b)(2) and 8 C.F.R. § 1208.2(c) by the Department of

---

[2] The undersigned notes that the issuance of a VWP FARO by an immigration officer accords with the applicable regulation. That regulation provides that removability of VWP overstays "shall be determined by the district director who has jurisdiction over the place where the alien is found, and shall be effective without referral of the alien to an immigration judge for a determination of deportability." 8 C.F.R. § 217.4(b)(1) (Nov. 28, 2009); *see Zine v. Mukasey*, 517 F.3d 535, 542–43 (8th Cir. 2008).

Homeland Security ("DHS"). On August 8, 2025, DHS served Petitioner with form I-863, Notice of Referral to Immigration Judge for asylum-only proceedings. (Notice of Referral [#17-2], at 1–2.) On October 1, 2025, the immigration judge granted Petitioner a continuance to file an application for asylum. (Order of Immigr. J. [#17-4], at 1.) Petitioner was ordered to file any applications for relief from removal by October 7, 2025. (*Id.*) Petitioner did not file a complete application by that date. (*Id.*) Thus, the immigration judge found all applications abandoned and ordered Petitioner removed to the United Kingdom. (*Id.*)

Respondents Pamela Bondi, the Director of USCIS, and the Field Office Director of ICE ("Federal Respondents") have filed a response in opposition to Petitioner's habeas corpus petition. Petitioner elected not to file a reply. The matter is ripe for the Court's review.

<h2 style="text-align:center"><u>II. Analysis</u></h2>

Petitioner's habeas corpus petition asserts two arguments: (1) that she is eligible for a bond hearing before an immigration judge while she is seeking both asylum and adjustment of status; and (2) that she is entitled to a writ of habeas corpus *ad testificandum* regarding her appearance at the interview on her application for adjustment of status. Petitioner's request for a writ of habeas corpus *ad testificandum* is moot because she has already been granted this requested relief. (Order [#6].)

**A.      There is no jurisdictional bar to considering Petitioner's request for habeas relief.**

Federal Respondents first challenge the Court's jurisdiction to consider Petitioner's request for a bond hearing on the basis that this Court lacks jurisdiction to review any issues related to a VWP FARO. The District Court should reject Respondents' jurisdictional argument. Petitioner does not challenge the VWP FARO. She challenges her detention pending removal under the VWP FARO. "The right to challenge detention pending removal is independent of the

4

right to challenge a final order of removal." *Vargas v. U.S. Dep't of Homeland Sec.*, No. 1:17-CV-356, 2017 WL 962420, at \*2 (W.D. La. Mar. 10, 2017); *Geronimo v. Mukasey*, 535 F. Supp. 2d 808, 811–12 (W.D. Tex. 2008) ("The Real ID Act, however, does not preclude habeas review of challenges to detention that are independent of challenges to removal orders.") (internal citation omitted. *See also AMM v. Thompson*, No. SA-25-CV-01210-FB, 2025 WL 3296315, at \*2 (W.D. Tex. Nov. 26, 2025) (finding jurisdiction to consider challenge to detention pending removal under VWP FARO).

Respondents separately argue that 8 U.S.C. § 1252(g), a specific provision of the REAL ID Act, strips this Court of jurisdiction to consider "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." This argument is also without merit. Section 1252(g) applies only "to protect from judicial intervention the Attorney General's long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." *Duarte v. Mayorkas*, 27 F.4th 1044, 1055 (5th Cir. 2022) (quoting *Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999)). Again, Petitioner is not challenging Respondents' decision to execute a removal order, only asserting her right to a bond hearing. Accordingly, there is no jurisdictional impediment to considering Petitioner's request for habeas relief.

**B.     Petitioner is not entitled to habeas relief.**

Respondents argue that Petitioner is not entitled to a bond hearing or release on bond because she is subject to a FARO under the VWP, and an immigration judge has denied the only relief available to her in asylum-only proceedings. The undersigned agrees with Respondents that because Petitioner abandoned her request for asylum by failing to file an application for

5

asylum by October 7, 2025, her order of removal is now final, and Petitioner is not entitled to any further process before removal, including her request for a bond hearing.

Again, in exchange for entering the United States as a VWP participant, Petitioner waived any right to contest an action for removal other than by seeking asylum. *McCarthy*, 555 F.3d at 460. Although the Fifth Circuit has not addressed the issue, numerous courts of appeals have held that a VWP FARO does not constitute a final order of removal until the VWP-entrant's asylum application, if any, has been denied. *See Nicusor-Remus v. Sessions*, 902 F.3d 895, 898 (9th Cir. 2018) ("[T]he denial of an asylum application in asylum-only proceedings 'finalizes' DHS's removal order of a VWP entrant because the VWP entrant is entitled to no other forms of relief."); *Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008) (Easterbrook, J.) (construing "the final disposition of an asylum-only proceeding" in VWP case as the final order of removal); *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 656 (3d Cir. 2007) ("[D]enial of a VWP applicant's petition for asylum . . . constitutes 'a final order of removal,' . . . as the alien is entitled to no further process before deportation."); *Kanacevic v. I.N.S.*, 448 F.3d 129, 133 (2d Cir. 2006) ("[B]ecause of the truncated rights available to a Visa Waiver Applicant, the denial of the asylum application is in effect a final order of removal because [the applicant] can be removed without further proceedings."); *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) ("The denial of an asylum application in a VWP proceeding is so closely tied to the removal of the alien that it can be deemed . . . a final order of removal."); *Salomao v. Garland*, No. 20-1856, 2022 WL 1301773, at *3 (4th Cir. May 2, 2022) ("[D]enying a VWP participant's relief in an asylum-only proceeding functions like a final order of removal . . . .").

As noted, the immigration judge in Petitioner's asylum-only proceedings issued a final order on October 1, 2025, deeming Petitioner's request for asylum relief to be abandoned due to

her failure to file an application by October 7, 2025, and ordering removal of Petitioner to the United Kingdom. (Order of Immigr. J. [#17-4], at 1–2.) Because Petitioner's asylum-only proceedings are no longer ongoing, the VWP FARO in her case constitutes a final order of removal and Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Accordingly, Petitioner's statutory argument in her habeas petition that she is being held as a discretionary detainee under 8 U.S.C. § 1226(a) and is entitled to a bond hearing is without merit.

Section 1226(a) permits, but does not require, detention "pending a decision on whether the alien is to be removed from the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021). But this statutory provision only applies to the detention of a noncitizen before a determination has been made as to removability and the removal period has begun. *See id.* at 533–34; *D'Ambrosio v. McDonald*, 793 F. Supp. 3d 271, 275 (D. Mass. 2025). Once a noncitizen is ordered removed, as here, her detention becomes subject to Section 1231, which provides that "the Attorney General shall remove the alien from the United States within a period of 90 days." *D'Ambrosio*, 793 F. Supp. 3d at 275 (citing 8 U.S.C. § 1231(a)(1)(A)). "During that 90-day period—defined as the 'removal period'—the statute dictates that the Attorney General *shall* detain the alien,' thereby legally mandating the detention of a noncitizen who has been ordered removed." *Id.* (quoting 8 U.S.C. § 1231(a)(2)(A) (emphasis in original)). As Petitioner is subject to a final order of removal, Petitioner's detention is mandatory under Section 1231(a).

Due to the finality of Petitioner's VWP FARO and the conclusion of her asylum-only proceedings, the undersigned need not address Petitioner's additional argument in her habeas petition challenging the Board of Immigration Appeal's holding in *Matter of A-W*, 25 I. & N.

Dec. 45, 48 (BIA 2009), that immigration judges lack jurisdiction to hold bond redetermination hearings for VWP overstays in asylum-only proceedings. This argument would only be relevant were the Court to conclude that Petitioner is entitled to a bond hearing and therefore had to decide whether the immigration judge has the authority to provide that hearing. Petitioner does not raise any other grounds for relief in her habeas petition.[3]

In summary, because Petitioner's request for asylum was deemed abandoned, Petitioner is subject to a final VWP FARO and therefore mandatory detention under Section 1231(a). Accordingly, the District Court should deny Petitioner's request for habeas relief in the form a bond hearing.

### III.  Conclusion and Recommendation

Based on the foregoing, the undersigned **recommends** that the Verified Petition for Writ of Habeas Corpus filed by Petitioner Margaret O'Connor [#1] be **DENIED**.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which

---

[3] Respondents' brief addresses the question of whether Petitioner's detention comports with due process, but Petitioner has not raised a constitutional challenge to her detention in her habeas petition. The Court therefore need not address this argument.

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 3rd day of December, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE